IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**CIMON LOVESS**

    Plaintiff,

v.                                                                Civil Case No. 1:19-cv-03530

**TRANS UNION, LLC**

    Defendant,

**EXPERIAN INFO. SOLS. INC.**

    Defendant.

---

## SECOND COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Cimon Lovess, (hereafter the "Plaintiff") and for her complaint against the Defendants Trans Union, LLC ("TransUnion") and Experian Info. Sols. Inc. ("Experian"), she alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

### PARTIES TO THIS ACTION

2. Plaintiff Cimon Lovess is an individual living in Baltimore City, Maryland.

3. TransUnion is a credit reporting agency as defined in the FCRA.

4. Experian is a credit reporting agency as defined in the FCRA.

### FACTULA ALLEGATIONS

5. In February 2010, Wakefield & Associates (W&A) claimed Ms. Lovess owed CEP America ("CEP") for services provided on May 21, 2015.

1

6. The purported debt included an alleged medical bill in the amount of $250 plus an additional $55.75 in interest, for a total of $305.75.

7. Based on Defendant Trans Union's representations, Ms. Lovess was erroneously billed for anesthesia performed at St. Agnes Hospital in 2015.

8. This claim was false because Ms. Lovess did not owe a debt to CEP.

9. CEP's own records demonstrate that Ms. Lovess has no debt with CEP.

10. Ms. Lovess confirmed with CEP by phone that she has no debt with CEP.

11. Further, a representative for CEP executed a declaration stating that CEP did not have any medical records showing Ms. Lovess received any services from CEP.

12. Ms. Lovess also confirmed St. Agnes by phone that St. Agnes does not have any medical records indicating that she received anesthesia in 2015.

13. A representative of St. Agnes further confirmed that she did not have an outstanding medical debt for May 2015.

14. In May 2019, Ms. Lovess discovered that W&A was falsely reporting the debt to her Experian and Transunion (CRAs) credit reports.

15. The CRAs should have known the reporting was inaccurate because W&A identified CEP as the creditor and CEP does not provide medical services to directly to patients in Baltimore.

16. Ms. Lovess sent dispute letters to Transunion and Experian.

17. Trans Union failed to forward notice of Ms. Lovess' dispute to W&A.

18. Transunion removed the W&A debt from Ms. Lovess' report without performing any investigation because Transunion knows W&A regularly furnishes inaccurate information.

19. Transunion should have never reported the W&A collection because Transunion knows W&A does not provide reliable information about consumers' debts.

20. Experian did not send Ms. Lovess any notice of the results of her dispute.

21. Upon information and belief, either Experian did not process Plaintiff's dispute or Experian did process her dispute and failed to notify her of the results of her dispute.

22. After receiving no dispute results, Ms. Lovess sent another dispute letter to Experian.

23. Thereafter, Ms. Lovess was notified that the W&A collection was no longer on her Experian report.

24. Experian should have never reported the W&A collection because W&A is not a reliable source or furnisher of credit information on debtors.

## COUNT ONE: VIOLATION OF 15 U.S.C. § 1681e(b)

25. Plaintiff incorporates paragraphs 1 – 24 by reference.

26. Section 1681e(b) mandates that Experian and Trans Union report consumer information with *the maximum possible accuracy*. In other words, the Defendants' reporting must be more than just accurate, it must be done to perfection and without any inaccuracies.

27. Defendants published information concerning a W&A collection that was patently inaccurate and should have never been included in Plaintiff's credit reports.

28. Defendants published information furnished from W&A, an unreliable source— W&A has 311 complaints with BBB, 937 complaints with CFPB and 141 federal lawsuits— of information, without taking reasonable measures to assure the reported information was accurate.

29. Defendants are aware, or should be aware, that consumers have complained that W&A has falsely reported that they owed debts or falsely reported the amount of the debts.

30. Defendants published information concerning the W&A without considering information from sources other than the furnisher. Exclusive reliance on one source of information does not assure the reporting of maximum accurate information because the Defendants do not consider information from other sources that may alert the Defendants to the fact that the information being reported is not accurate.

31. Based on the foregoing, the Defendants violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained for Plaintiff.

32. As a result of Defendants' violations of 15 U.S.C. § 1681e(b) Plaintiff suffered actual damages, including but not limited to: pecuniary expenses, loss of credit opportunity, damages to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

33. The violations by Defendants were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

34. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT SEVEN: VIOLATION OF 15 U.S.C. § 1681i(a)

35. Plaintiff incorporates paragraphs 1 – 34 by reference.

36. Section 1681i(a)(1) mandates that a credit reporting agency investigate a consumer's dispute and report the results of the reinvestigation.

37. Notably, section 1681i(a)(1)(A) imposes a duty on a CRA to "reinvestigate free of charge *and either* record the current status of the disputed information *or* delete the item from the file as required by § 1681i(a)(5) within the 30–day period." Therefore, a CRA *must* reinvestigate regardless of whether it verifies or deletes the debt. See Grigoryan v. Experian Information Solutions, Inc., 84 F.Supp.3d 1044, 1076 (C.D. Cal. 2014); Ricketson v. Experian Information Solutions, Inc., 266 F.Supp.3d 1083, 1092-93 (W.D. Mich. 2017).

4

38. Section 1681i(a)(2)(A) mandates that a credit reporting agency provide notice of the consumer's dispute to the furnisher of the disputed information.

39. Section 1681i(a)(4)(A) relates to section 1681i(a)(1) and mandates that the credit reporting agency review and consider all the relevant information provided by the consumer during the credit reporting agency's investigation.

40. Section 1681i(a)(5)(A) mandates that a credit reporting agency delete or modify the disputed information that has been found to be inaccurate or incomplete or unverifiable *after* conducting a reasonable investigation.

41. Section 1681i(a)(6)(A) mandates that a credit reporting agency provide written notice to a consumer of the results of its reinvestigation within five days of completing the reinvestigation.

42. The Defendants have virtually no policies, practices or procedures to investigate a consumer's dispute, much less conduct a *reasonable* investigation that includes reviewing and considering all the relevant information provided by the consumer and information already within Defendants' possession as a part of the Defendants' investigation.

43. Defendants Trans Union and Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigate of Plaintiff's disputes.

44. Defendant Transunion violated 15 U.S.C. § 1681i(a)(2)(A) by failing to forward notice of Plaintiff's dispute to W&A.

45. Defendant Experian violated 15 U.S.C. §1681i(a)(6)(A) by failing to notify Plaintiff with the results of its reinvestigation

46. As a result of Defendants' violations of 15 U.S.C. §§ 1681i(a), Plaintiff suffered actual damages, including but not limited to: out-of-pocket and/or pecuniary costs, loss of credit opportunity, damage to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

47. The violations by Defendants were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff respectfully prays:

A. That the Court enter an order approving an incentive award for the Named Plaintiff;

B. That the Court award actual damages;

C. That the Court award statutory and punitive damages;

D. That the Court award costs and any reasonable attorneys' fees; and

E. That the Court award any such other and further legal and equitable relief as may be found appropriate and as the Court may deem equitable and just.

## DEMAND FOR TRIAL BY JURY

49. Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 29, 2020

Respectfully Submitted,

CIMON LOVESS

/s/ *Jeffery W. Styles* _____
Jeffrey W. Styles, Esq., No. 20659
Washington Legal Group, LLC
1666 K Street, NW, Suite 440
Washington, DC 20006
Tel: (202) 503 - 1708
Email: jstyles@washlegal.com

*Counsel for Plaintiff*